UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TROY EUGENE HUFFMASTER, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-248 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's motion for summary judgment (D.E. 18), seeking dismissal of Petitioner Troy Eugene Huffmaster's writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 (D.E. 3).   On May 27, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation ("M&R") (D.E. 30), recommending that Respondent's motion be granted and that a Certificate of Appealability be denied.   This Court received Petitioner's timely-filed objections (D.E. 35) on July 13, 2015.   D.E. 33.   Petitioner's objections are set out and discussed below.

Petitioner objects to the Magistrate Judge's determination that he failed to show that his appellate counsel provided ineffective assistance.   Petitioner contends that his counsel provided ineffective assistance when he erroneously based his sufficiency of the evidence argument on a third-degree felony escape conviction when Petitioner was found guilty of second-degree felony escape.   D.E. 35, pp. 19-20.

Petitioner makes this specific ineffective assistance of counsel argument for the first time in his objection to the M&R.  "Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading."  *Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) (citations omitted).  Because, as demonstrated below, Petitioner's claim for ineffective assistance of counsel is not supported by the record, the Court need not address whether he properly exhausted his claim in the state court.  *See Richardson v. Quarterman*, 537 F.3d 466, 474 n.3 (5th Cir. 2008) (pretermitting the question of exhaustion).

The Court finds that Petitioner cannot demonstrate that his appellate counsel's representation was deficient.  His counsel did not acknowledge in his brief to the state court that Petitioner was found guilty of second-degree felony escape in spite of the underlying indictment's caption describing the offense as "third degree punished as second degree."  *See* D.E. 17-1, pp. 5-10.  Nevertheless, the Court disagrees with Petitioner's contention that his counsel's omission is "proof-positive" of deficient representation because it did not impact the sufficiency of the evidence argument—that "[t]here [was] no evidence that [Petitioner] had the requisite Mens Rea to satisfy the 'intentionally and knowingly' element of the crime of escape."  D.E. 17-1, p. 8.  This argument was applicable whether Petitioner was found guilty of second-degree felony, third-degree felony, or even misdemeanor escape.  *See* Tex. Pen. Code § 38.06 (West 2007); D.E. 30, pp. 10-11.

As such, Petitioner failed to show that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   Consequently, Petitioner's first objection is **OVERRULED**.

Petitioner also objects to the Magistrate Judge's finding that he failed to articulate a constitutional violation when arguing that the Thirteenth Court of Appeals erred in modifying his conviction of second-degree felony escape to a conviction of third-degree felony escape.   D.E. 35, p. 30.   Petitioner argues that "there was never a third-degree felony escape as a lesser-included-offense before the jury in this case and therefore, the Court of Appeals erred in modifying Petitioner's conviction for anything except for the lesser-included-offense of misdemeanor escape."  D.E. 35, p. 34.

Petitioner's second objection is without merit.   Petitioner relies on *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999), and *Haynes v. State*, 273 S.W.3d 183 (Tex. Crim. App. 2008)—cases that the Texas Court of Criminal Appeals has expressly overruled.   *See Bowen v. State*, 374 S.W. 3d 427 (Tex. Crim. App. 2012) (holding that reformation of conviction to lesser-included offense was permitted on appeal regardless of whether instruction on lesser-included offense was requested or submitted). Accordingly, Petitioner's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 30), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's M&R to which the objections were specifically

directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment (D.E. 18) is **GRANTED** and Petitioner's cause of action for habeas corpus relief is **DENIED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 14th day of September, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE